RUTH M. HIND *vs.* BROWN & SHARPE MANUFACTURING COMPANY.

JUNE 30, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is an original petition under the workmen's compensation act, general laws 1938, chapter 300, whereby the petitioner seeks compensation for total incapacity. The case is before us on the employee's appeal from a decree of the superior court denying and dismissing the petition.

The evidence shows that petitioner worked at night· on a grinding machine. In the course of her employment on February 23, 1952, while returning a heavy tool to the "tool crib" she opened the door to that compartment and a rat ran in front of her, with the result that she "pulled away with the fixture" and "something snapped" in her back around the shoulder blade. She returned to her machine and immediately related the incident to Ina G. Stanfield, a fellow worker, and to Emmett J. Gannon, her foreman. A few days later she gave the same account to an unidentified male nurse in the company's dispensary and he advised her to see a doctor.

The petitioner was treated for a pain in the region of the left shoulder blade at varying intervals by Dr. J. Joseph Hoey until June 1952, and thereafter by Dr. Raymond H. Trott to about November 1953. In answer to similar hypothetical questions based upon the rat incident as the cause of her injury, both doctors testified that petitioner could have been so injured. However, the importance of their respective testimony in the circumstances of this case rests to a considerable extent upon the history that she gave them.

Doctor Hoey, testifying from memory, stated that he

could not recall whether petitioner told him how she received the injury, but that she did tell him her job "was a little too heavy for her." In cross-examination the doctor identified a number of certificates signed by him, which are in evidence, stating that she was unable to work due to "metrorrhagia" and "hypotension," ailments quite different from an aching shoulder.

Doctor Trott, an orthopedic specialist, gave his testimony with the assistance of his office records. He testified that although petitioner's history was taken by his secretary, the patient repeated it to him when he first examined her. Such history in substance was that in February 1952, after being ill with pneumonia, she developed a pain in her left shoulder which prevented her from working. He further testified that the job she was doing was one usually done by a man, and that on one occasion while under his care she made some reference to an injury in the course of her work.

The respondent produced as witnesses Ina G. Stanfield, petitioner's fellow worker, Emmett J. Gannon, her foreman, and Charles E. Moffitt, the person in charge of the dispensary records. The substance of their testimony was as follows. Mrs. Stanfield admitted having been told by petitioner about a rat running in front of her, but she positively denied that any claim of injury was made at that time and from such cause. The testimony of Gannon was substantially the same. Moffitt testified that, according to the dispensary records and his own recollection, petitioner told him on July 18, 1952 that about January of that year she had sprained her back while at work.

The decree appealed from contains two findings: "1. That on February 23, 1952, the petitioner did not sustain a personal injury arising out of and in the course of her employment with the respondent, connected therewith and referable thereto, as alleged in Paragraph 1 of her petition.

2. That the petitioner has failed to prove the allegations contained in her petition by credible evidence of probative force."

The petitioner's main contention is that the first finding is erroneous as a matter of law in that the trial justice misconceived the evidence when, after discussing it in his decision, he concluded: "In spite of Mrs. Hind's insistence under oath, I cannot believe that at any time prior to July 12, 1952 she made any claim of having suffered any injury at work." In support of such contention she argues that he "was bound to accept" and treat "as undisputed evidence" her testimony that she told a male nurse in the company's dispensary of her injury and the cause thereof on the Monday following the rat incident.

That argument is based on respondent's failure to produce any "direct evidence" in conflict with such testimony from the male nurse who, as previously stated, was not otherwise identified by petitioner. But the evidence and inferences therefrom were conflicting and reasonably open to different conclusions. In the circumstances the weight thereof depended to a considerable extent upon the credibility of the witnesses. It is well settled that under such conditions we may not disturb findings of the trial justice which are supported by legal evidence, either direct or by way of reasonable inference. When all the evidence of record is kept in mind and the above-mentioned findings are read in the light of the decision of the trial justice, it is clear that he did not believe petitioner. Since we are precluded from weighing the evidence, the contention under consideration is without merit.

The petitioner, citing *Desrochers* v. *Atwood-Crawford Co.,* 47 R. I. 116, further contends that even if the trial justice were warranted in finding that she did not report her injury and its cause until July 18, 1952, nevertheless he should have determined whether she was excused for her delay in the matter because of accident, mistake or unforeseen

cause. In the *Desrochers* case the facts are not only quite different but such delay in reporting was a contested issue of fact which the trial justice was bound to consider and determine. No such procedure was followed in the case at bar. The petitioner here throughout her testimony insisted that she gave timely notice of her accident to the persons and in the manner herein described. The trial justice was under no duty to act in a matter that was not in issue and as to which there was no evidence. Our examination of the entire record and of petitioner's reasons of appeal from the decree of the superior court plainly show that the question of accident, mistake or unforeseen cause was raised by her for the first time at the hearing in this court. Therefore there is no merit in this contention.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*A. Norman LaSalle, John L. McElroy,* for petitioner.

*Worrell & Hodge, Eldridge H. Henning, Jr.,* for respondent.